PATRICIA J. RYNN State Bar No. 092048
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Telephone:   (949) 752-2911
Facsimile:    (949) 752-0953
E-Mail: Pat@rjlaw.com
E-Mail: Elise@rjlaw.com

Attorneys for Plaintiff Rynn & Janowsky, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RYNN & JANOWSKY, LLP, a California Limited Liability Partnership and assignee of SAMMY'S PRODUCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> L.A. GARLIC & SPICE, INC., a California Corporation; MANDANA SHADFAR, individually <br><br> Defendants. | CASE NO. CV 09-02891 GAF (AGRx) <br><br> **SETTLEMENT AGREEMENT AND STIPULATION FOR ENTRY OF JUDGMENT AGAINST L.A. GARLIC & SPICE, INC. AND MANDANA SHADFAR** |

**I.**

**THE PARTIES**

The Parties to this Settlement Agreement and Stipulation For Entry of Judgment ("Stipulation") are RYNN & JANOWSKY, LLP ("Plaintiff" or "R&J") on the one hand, and L.A. GARLIC & SPICE, INC. ("LAGS"), and individual Defendants MANDANA SHADFAR ("MS") on the other hand, (collectively referred to as "Defendants"). Plaintiff and The Party Defendants shall be collectively referred to herein as "The Parties."

On or about April 24, 2009 Plaintiff R&J filed a complaint to enforce the PACA Trust rights of Plaintiff's Assignor Sammy's Produce, Inc. in the U.S. District Court for the Central District of California in Case No. CV 09-02891 GAF (AGRx) ("The PACA Litigation") as a result of their inability to obtain payment of the amounts due them for perishable agricultural commodities sold to LAGS. The Parties now desire to fully and finally settle all claims and disputes between them, which have arisen prior to the date of this Agreement and which relate in any way to the allegations raised or defenses which could have been raised in the above-referenced PACA Litigation, and they desire to reach an agreement whereby each will totally and completely resolve and extinguish their mutual rights, claims, duties, obligations and liabilities, each as against the other, except those obligations undertaken pursuant to this Agreement and Stipulation for Entry of Judgment and any obligations undertaken on or after the date of this Agreement.

## II.

## RECITALS

A.  WHEREAS, Plaintiff R&J is, and during all times herein was, a limited liability partnership organized and doing business under the laws of the State of California, with its principal place of business in the City of Newport Beach, State of California.

B.  WHEREAS, prior to the commencement of this action, Plaintiff's assignor, Sammy's Produce, Inc. ("Sammy's" or "Plaintiff's Assignor"), located at 1280 North Melrose, Vista, California 92085, assigned and transferred to Plaintiff R&J all of its right, title and interest in and to the said sum, claim and indebtedness due it from said Defendants, and each of them, as herein set forth, and Plaintiff is now the lawful holder thereof. Said assignment was made for the benefit of trust beneficiaries under the Perishable Agricultural Commodities Act [7 U.S.C. §499e] identified as Sucasa Produce, P.D.G. Produce, Inc., Expo Fresh, LLC, H.M. Distributors, Inc., Prime Time Sales, LLC, Vanal Distributing, Inc., Del Campo Supreme, Inc., and Meyer, LLC.

C. WHEREAS, Plaintiff asserts that Sammy's was engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities, i.e., produce, in interstate commerce and is a creditor of Defendants under the trust provisions of the Perishable Agricultural Commodities Act, as amended, 7 U.S.C. §499a et. seq. ("PACA");

D. WHEREAS, Plaintiff asserts that Defendants are and during times relevant herein were dealers, brokers and/or commission merchants under PACA subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA and were licensed by the U.S. Department of Agriculture under the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499b], PACA license no. 20070496;

E. WHEREAS, Plaintiff asserts that it has taken all steps necessary to perfect Plaintiff's PACA trust rights for the produce allegedly sold to Defendants as described in Plaintiff's complaint in the principal amount of at least as great a $35,000;

F. WHEREAS, Plaintiff asserts that its invoices allegedly confirming the sales transactions that are the subject of this Stipulation were forwarded to Defendants in the ordinary course of business and contained written terms providing for finance charges at the rate of 1.5% per month (18% annually) on all past due principal sums and reimbursement of attorney's fees incurred in connection with litigation commenced to collect the sums due under the subject invoices;

G. WHEREAS, Plaintiff asserts that Defendant MS is and during all times mentioned herein was an owner, officer, manager, director and/or shareholder of Defendant LAGS in a position to control the alleged PACA trust assets that are the subject of this lawsuit and as such is a statutory trustee of the PACA trust;

H. WHEREAS, Plaintiff asserts that Defendant LAGS has failed to pay Plaintiff for the produce purchased from Plaintiff as described in Plaintiff's Complaint filed in the above-captioned matter, and a principal sum of $35,000 remains due and

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

payable, plus recoverable attorney's fees and finance charges as allowed under the invoices described above;

I.   WHEREAS, in the interest of resolving this dispute and to minimize further costs and expense to all the Parties, and to avoid the uncertainties and costs associated with further litigation, the Parties wish to resolve this dispute in the manner and under the conditions and terms set forth herein,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, among Plaintiff and Defendants, as follows:

## III.

## AGREEMENT

1.   Each of the above recitals are incorporated herein by this reference as though fully set forth herein.

2.   Solely in aid of this compromise, and only for the purpose of this compromise, each of the alleged sales transactions described above shall be deemed to qualify for trust protection under the trust provisions of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*] and Plaintiff shall be deemed to have taken all steps necessary to preserve such trust rights for the full amount alleged due hereunder and all amounts due herein to Plaintiff are deemed eligible for protection under 7 U.S.C. §499e.

3.   Solely in aid of this compromise, and only for the purpose of this compromise, Defendant MS shall be deemed to be and during all times mentioned herein shall be deemed to have been an officer, director and shareholder of LAGS and shall be deemed to have been in a position to control the alleged PACA trust assets that are the subject of this dispute.

4.   Solely in aid of this compromise, and only for the purpose of this compromise, Debtors, and each of them, are deemed to be statutory PACA trustees under PACA and are therefore obligated to preserve the alleged PACA trust assets for the benefit of Plaintiff.

5. Solely in aid of this compromise, and only for the purpose of this compromise, Debtors are deemed to have failed to pay Plaintiff for the alleged produce purchased as described above and shall be deemed to have failed to preserve the alleged PACA trust assets for the benefit of Plaintiff.

6. Solely in aid of this compromise, and only for the purpose of this compromise, Plaintiff agrees the total amount due under this Settlement Agreement and Stipulation is $35,000. Further, this total amount shall be subject to a $10,000 reduction so long as all payments described at paragraph 7, below, are made timely and in accordance with the terms set forth herein.

7. Solely in aid of this compromise, and only for the purpose of this compromise, the Defendants agree to pay the amounts described in Paragraph 6 above to Plaintiff via installment payments as follows: in monthly installment payments **to be received** by 5:00 p.m. by Plaintiff at its offices at the address provided below in the amounts and on the dates set forth in this paragraph. Each of the installment payments shall be made payable to "Sammy's Produce – Rynn & Janowsky LLP Attorney Trust Account" and shall be mailed to the offices of Rynn & Janowsky, LLP, 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660. The payments shall be made in the manner and on the dates as follows: $5,000.00 due on or before July 15, 2009; $7,500.00 due on or before August 15, 2009; $7,500.00 due on or before September 15, 2009; and $5,000.00 due on or before October 15, 2009.

8. In the event that Defendants fail to remit any payment when due hereunder, Plaintiff shall give notice to Defendants that such performance is delinquent. Notice of said delinquency will be deemed given by Plaintiff to Defendants upon providing written notice via fax and e-mail to Defendants' counsel at fax no. (310) 474-0653 and e-mail marty@martylaw.com or at such other numbers or e-mail addresses as Defendants or Defendants' counsel may notify Plaintiff's attorney in writing. In the event the above-listed fax number or e-mail is not working when Plaintiff attempts to give notice and Defendants or Defendants' counsel have failed to notify Plaintiff's attorney of another

number, the notice requirements hereunder shall be satisfied. Defendants shall then have five (5) business days from such notification within which to cure said delinquency by providing payment for receipt by Plaintiff of the full amount then past due under the terms of this Agreement. In the event Defendants fail to cure said delinquency within this five (5) business day period, Defendants shall be in default of this stipulation.

9. Upon Defendants default of this Stipulation, Plaintiff shall be entitled to immediately obtain a judgment, on an *ex parte* basis, without notice to Defendants, in the U.S. District Court for the Central District of California against Defendants. Said judgment shall be in the amount of $35,000, plus any additional fees and costs incurred in obtaining said judgment, less payments received prior to default. Defendants further agree that said judgment may be based solely on this stipulation for entry of judgment and the declaration(s) of Plaintiff and/or Plaintiff's attorney confirming that Defendants have defaulted on the terms of this Stipulation and have failed to cure said default in the manner and at the times set forth herein.

10. So long as Defendants make all payments in the manner and at the times specified herein, Plaintiff agrees to forbear from enforcing its PACA trust rights or further prosecuting its lawsuit against Defendants herein.

11. In the event of Defendants' default under this Stipulation, Defendants shall be obligated to reimburse Plaintiff for Plaintiff's reasonable attorneys' fees and costs for collection efforts resulting from such default.

12. In addition to non-payment as described above, the occurrence of any one of the following events prior to payment of the sums due hereunder shall be deemed an event of default entitling Plaintiff to seek immediate enforcement of judgment without further notice to Defendants: (a) Any of the Defendants is named in a petition in bankruptcy, whether filed voluntarily or involuntarily, or otherwise seeks the protection of the bankruptcy laws of any competent jurisdiction; or, (b) any of the Defendants make an assignment for the benefit of creditors; or, (c) any of the Defendants are named in a civil lawsuit filed by or on behalf of any party seeking to enforce PACA trust rights

against Defendants, or any action taken by any creditor seeking to enforce a security agreement or taking any action which causes or has the effect of causing the dissipation of any PACA trust asset to which Plaintiff claim a priority right or interest; or (d) the Defendants cease business operations for any reason whatsoever.

13. In the event the Defendants remit payment in an amount less than the full sums required hereunder, and Plaintiff elects to accept said partial payment, the principal amount of judgment entered in favor of Plaintiff shall be reduced by the amount so accepted. The Parties agree that acceptance of any partial payment shall not waive or in any way prejudice Plaintiff's rights to enforce judgment against Defendants for the unpaid balance that would otherwise be due upon default as set forth in this Stipulation, less any amounts so accepted.

14. Nothing in this Stipulation shall be deemed to be a waiver of any rights Plaintiff may have under PACA or any other body of law, including, but not limited to, its alleged PACA trust rights, or Plaintiff's ability to enforce said trust rights against Debtors upon Debtors' default of the terms of this Stipulation or against any other person or entity liable to Plaintiff for payment of the sums due as described herein under any applicable law.

15. Except to the extent necessary to enter and enforce the judgment herein, neither this Stipulation nor any judgment that may be entered under Paragraph 9 above, nor any of the language contained in either, may be deemed an admission of any kind, including an admission of fact, independent or otherwise, by Defendants.

IV.

MUTUAL RELEASES

16. Release of LAGS and MS. Except for the payments and other obligations required of the Defendants as set forth in this Agreement and Stipulation, and excepting any other obligations as may be undertaken by the Defendants hereafter, R&J, on behalf of each of their officers, directors, shareholders, employees, successors, attorneys, representatives, agents and assigns, both current and former, does hereby fully release

and discharge LAGS and MS, and each of their officers, directors, shareholders, members, employees, affiliates, successors, attorneys, representatives, agents and assigns, both current and former, from any and all rights, obligations, damages, claims or causes of action, whether willful or not, whether known or unknown, pending or threatened, suspected or unsuspected, which R&J now have or may claim to have in the future against LAGS and MS, or any of their officers, directors, shareholders, members, employees, affiliates, successors, attorneys, representatives, agents and assigns, both current and former, arising out of any and all events and transactions occurring from the beginning of time until the date of this Agreement, including but not limited to those claims which are asserted, or which could have been asserted, in The PACA Litigation.

17.   **Release of R&J.**   Except for the obligations set forth in this Agreement, and obligations as may be undertaken hereafter, LAGS and MS, and each of their officers, directors, shareholders, members, employees, successors, attorneys, representatives, agents and assigns, both current and former, do hereby fully release and discharge R&J, and each of their officers, directors, shareholders, employees, successors, attorneys, representatives, agents and assigns, both current and former, from any and all rights, obligations, damages, claims or causes of action, whether willful or not, whether known or unknown, pending or threatened, suspected or unsuspected, which either LAGS and MS may now have, or may claim to have in the future, against R&J or their officers, directors, shareholders, members, employees, affiliates, successors, attorneys, representatives, agents and assigns, both current and former, arising out of any and all events and transactions occurring from the beginning of time until the date of this Agreement, including but not limited to those claims or defenses which could have been asserted in The PACA Litigation.

18.   Except for the rights and obligations of each party as described in this Agreement and any obligations of any party which may be undertaken after the effective date of this Agreement, it is the intention of The Parties that this Agreement and the mutual promises and covenants contained herein, once duly executed, shall constitute be

a full and final accord and satisfaction of all claims asserted by Plaintiff against Defendants arising out of any and all events and transactions occurring prior to the date of this Agreement, including but not limited to those claims which are asserted, or which could have been asserted, in the PACA Litigation before the US District Court.

## V.

## MISCELLENEOUS TERMS

19. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

20. In the event any provision of this Settlement and Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

21. This Stipulation shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of California.

22. The Defendants and Plaintiff acknowledge that by signing this Settlement Agreement and Stipulation, they are giving up their right to a jury trial in connection with the allegations contained in the complaints filed herein and any subsequent complaints which may be filed by Plaintiff to enforce either this Settlement Agreement and Stipulation or any other rights which are the subject of this Agreement and Stipulation.

23. The Parties, and each of them, acknowledge having had the opportunity to discuss this Settlement Agreement and Stipulation for Entry of Judgment with its or their own attorney, and that they have availed themselves of that opportunity to the extent they have desired to do so.

24. In the event if Defendants' default as defined herein, Plaintiffs shall be entitled to reimbursement of actual attorney's fees. If any lawsuit or other legal action is brought as between or among any of the Parties hereto relating to, arising out of, or to enforce, any of the provisions of this Stipulation, the prevailing Party shall be entitled to

1  collect its reasonable attorney's fees and costs incurred in connection therewith.

2      25.    All persons whose signatures appear below on behalf of any party which is a corporation, limited liability company or partnership hereby represent and warrant that such persons have the authority to execute this Stipulation and Stipulation on behalf of the business entity on whose behalf they sign, and that by affixing their signatures have bound their corporations, limited liability companies or partnerships to the terms of this Stipulation. Said persons also represent that additional steps necessary to so bind their corporations, limited liability companies, or partnerships, such as consent resolutions, shall be promptly taken.

    26.    Each of the Parties hereto expressly represents and warrants that each party has made such investigation of the facts pertaining to this Settlement Agreement and Stipulation, and all matters pertaining hereto as it deems necessary or desirable.

    27.    Each of the Parties agrees that each of them is equally responsible for the drafting of this Stipulation and none of the Parties shall be deemed to be the drafter of this Settlement Agreement and Stipulation.

    28.    The Parties agree that the U.S. District Court for the Central District of California shall nevertheless retain exclusive jurisdiction over The Parties and subject matter herein in order to enforce or interpret the provisions of this Settlement Agreement and Stipulation and to enter and enforce Judgment hereon.

**IT IS SO AGREED AND STIPULATED:**

L.A. GARLIC & SPICE, INC.

DATED: July __, 2009       By: _____
                            Its: HAMID ACHKAR

DATED: July __, 2009       By: _____
                            MANDANA SHADFAR, an individual

[SIGNATURES CONTINUED ON NEXT PAGE]

RYNN & JANOWSKY, LLP

DATED: ~~June~~ July 10, 2009   By: _/s/_
PATRICIA J. RYNN

APPROVED AS TO FORM AND CONTENT:

RYNN & JANOWSKY, LLP

DATED: ~~June~~ July 10, 2009   By: _/s/_
PATRICIA J. RYNN, Attorneys for Plaintiff

LAW OFFICES OF MARTIN F. GOLDMAN

DATED: June ___, 2009   By: _/s/_
MARTIN F. GOLDMAN, Attorneys for Defendants